UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ANTONIO JOHUNE BEASLEY,        )
                               )
        Plaintiff,              )
                               )
v.                             )        No. 1:06-cv-23
                               )        *Collier/Lee*
MELANIE SNIPES, Attorney at Law, )
                               )
        Defendant.              )

## **MEMORANDUM**

Antonio Johune Beasley ("Beasley"), was a prisoner confined at the Bradley County Justice Center when he filed his *pro se* civil rights complaint pursuant to 42 U.S.C.§ 1983 (Court File No. 2). Beasley initially failed to pay the $250.00 filing fee or file an application to proceed *in forma pauperis*. The Court entered a deficiency order reminding Beasley to notify the Court of any address change (Court File No. 1). Beasley responded by filing an application to proceed *in forma pauperis*, however, Beasley's initial application for leave to proceed *in forma pauperis* was deficient (Court File No. 4). On March 8, 2006, the Court issued a second deficiency order directing Beasley to pay the full filing fee of $250.00 or submit the necessary documents within thirty days from the date of the order (Court File No. 6).[1]

### I.    *Failure to Comply*

Beasley has failed to timely respond to the Court's Order. Consequently, the Court finds Beasley has failed to comply with its order. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with

---

[1] This document was mailed to Beasley at the Bradley County Justice Center but was returned as undeliverable.

the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for Beasley's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

Additionally, Beasley was notified that non-compliance with the Court's order would result in a presumption that he was not a pauper, an assessment of the full amount of fees, and a dismissal of the case without the possibility of reinstatement to the Court's docket despite any subsequent payment of the filing fees (Court File No. 1). Therefore, the Court will assess the full amount of fees.

## II. *Assessment of Civil Filing Fee*

Beasley has failed to comply with the Court's orders (Court File Nos. 1 & 6). Therefore, in compliance with the Court's two previous orders, Beasley will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Beasley's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

    (a) twenty percent (20%) of the average monthly deposits to Beasley's inmate trust account; or

    (b) twenty percent (20%) of the average monthly balance in Beasley's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Beasley's preceding monthly

2

income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Bradley County, the custodian of inmate accounts at the Bradley County Justice Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Beasley's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Beasley's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[2]

The plaintiff will also be **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate

---

[2] **Send remittances to the following address:**

    Clerk, U.S. District Court
    P.O. Box 591
    Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

3

Case 1:06-cv-00023   Document 7   Filed 06/19/06   Page 3 of 4   PageID #: 3

sanctions against plaintiff without any additional notice or hearing by the Court.

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4